## 4742.  JETER v. HORNSBY, marshal.

Authority granted in a municipal charter "to levy and collect a specific or occupation tax on all business, occupations, professions, callings, or trades exercised within the town, as may be deemed just and proper," authorizes the passage of an ordinance imposing an occupation tax upon "any person doing a guano business" in the municipality.

DECIDED APRIL 16, 1913.

Habeas corpus; from city court of Bainbridge—Judge Spooner. February 15, 1913.

*M. E. O'Neal, Albert H. Russell,* for plaintiff.

*T. S. Hawes,* for defendant.

POTTLE, J.  The plaintiff in error was convicted in the mayor's court in the town of Climax for "the offense of doing a guano business in the town of Climax without first having obtained a license from said town for the doing of said business." He sued out a writ of habeas corpus, and he excepts to the judgment remanding him to the custody of the town marshal. The only point made in the petition for habeas corpus is that the town had no charter authority to enact the ordinance under which the plaintiff in error was convicted. The municipal charter authorized the town "to levy and collect a specific or occupation tax on all business, occupations, professions, callings, or trades exercised within the town, as may be deemed just and proper." Acts 1906, p. 645, § 23. It appears from the record that the town of Climax has two ordinances, under either of which the charge against the plaintiff in error might have been framed. Counsel attacks the validity of one of these ordinances upon the ground that it was beyond the charter authority. The argument is based upon the assumption that the accused was punished for a violation of this ordinance, but there is nothing in the record to negative the inference that the accused was punished under the other ordinance, which is, impliedly, at least, conceded to be valid. That ordinance, inter alia, imposes an occupation tax upon "any person . . doing a guano business in the town of Climax." There is no objection to this ordinance; for it is within the very letter of the charter provisions. Even if it be conceded that the other ordinance is invalid for any of the reasons urged by plaintiff in error, certainly this court will not assume that the plaintiff in error was punished under the invalid ordinance, when there was a valid ordinance under which the charge

against him might have been framed, and under which apparently it was actually framed. This view of the case makes it unnecessary to pass upon the validity of the ordinance claimed to be beyond the charter of the town.                              *Judgment affirmed.*